UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

In re:

MOTION TO QUASH SUBPOENA,

Miscellaneous Case No.: 22-mc-00008-LTB

**MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Rodney Atherton ("Atherton"), by his counsel, Jackson Kelly PLLC, hereby moves to quash the subpoena to produce documents (the "Subpoena") issued by Amazon.com, Inc. and Amazon Data Services, Inc. (together, "Amazon"), in *Amazon.com, Inc., et al. v. WDC Holdings LLC, et al.*, Civil Action No. 1:20-CV-484-LO-TCB (the "Civil Action") in the United States District Court for the Eastern District of Virginia. In support hereof, Atherton states:

### A. INTRODUCTION

On or about December 22, 2021, Amazon issued the the Subpoena, a true and accurate copy of which is attached hereto as **Exhibit A**, to compel the production of documents from Atherton in the Civil Action. Atherton is not a party to the Civil Action. However, as stated below, Atherton represents or has represented certain individuals and entities that are defendants in the Civil Action. Much of the materials requested in the Subpoena relate to those individuals and entities and are subject to and protected by attorney-client privilege and work product doctrine. Accordingly, the Subpoena should be partially quashed.

### B. JURISDICTIONAL STATEMENT

1. The Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 45(d)(3), because the Subpoena requests compliance by Atherton in this district.

2. In particular, the Subpoena demands Atherton produce documents responsive to the request at Gibson, Dunn & Crutcher LLP, 1801 California Street, Denver, CO 80202-2642. *See* Ex. A.

### C.  LEGAL STANDARD

3. Federal Rule of Civil Procedure 45(d)(3)(A) mandates that a court is required to quash a subpoena that requires disclosure of privileged matters, and provides in pertinent part:

> (3) Quashing or Modifying a Subpoena
>
> (A) When Required.  On Timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> * * *
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies.

4. Under Rule 1.6(a) of the Colorado Rules of Professional Conduct ("Rule 1.6"), "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b)."

5. Under the work product doctrine, "written statements, private memoranda and personal recollections prepared by an adverse party's counsel in the course of his legal duties are not discoverable in the absence of a showing of necessity or justification." *Hickman v. Taylor*, 329 U.S. 495 (1947); *see also Hawkins v. District Court in and For Fourth Judicial Dist*., 638 P.2d 1372, 1376 (Colo. 1982).

### D.  FACTS

6. Atherton is an attorney and member of the Colorado State Bar, and as such is

subject to Colorado's Rules of Professional Conduct.

7. Atherton was an attorney at Ergo Law, LLC's Denver, Colorado office from 2007 until August 2021.

8. Atherton is currently a partner in AEGIS Law's Denver, Colorado office.

9. Atherton represents or previously represented: Casey Kirshner, Carleton Nelson, Christian Kirschner, Demetrius Von Lacey, Allcore Development, Cheshire Ventures, Finbrit Holdings, 2010 Irrevocable Trust, and Villanova Trust.

10. Atherton, acting in his capacity as an attorney, and acting on behalf of certain clients, formed or participated in the formation of Allcore Development, Cheshire Ventures, Finbrit Holdings, 2010 Irrevocable Trust, Villanova Trust, CTBSRM, and Renrets.[1]  *Exh*. A.

*Request Nos. 2 & 5*

11. Request Nos. 2 and 5 in the Subpoena seek, among other things, documents and communications relating to Allcore Development, Cheshire Ventures, Finbrit Holdings, 2010 Irrevocable Trust, and White Peaks Capital, between Atherton and several specified individuals, including Christian Kirschner, Casey Kirschner, Carleton Nelson, and Demetrius Von Lacey. The Subpoena, in short, requests documents and communications between an attorney (Atherton) and his clients (the Kirschners, Mr. Nelson, Mr. Lacey, Allcore Development, Cheshire Ventures, Finbrit Holdings, and 2010 Irrevocable Trust), most – if not all – of which are subject to attorney-client privilege and/or the work product doctrine.

*Request No. 3*

12. Request No. 3 seeks, among other things, all communications with or relating to Casey Kirschner, Carleton Nelson, Christian Kirschner, and Demetrius Von Lacey, each of whom

---

[1] Unless stated otherwise, capitalized terms in this motion shall have the same meaning as set forth in the Subpoena.

was or is a client of Atherton. Here, the Subpoena again seeks documents and communications between an attorney (Atherton) and his clients (the Kirschners, Mr. Nelson, and Mr. Lacey), most – if not all – of which are subject to attorney-client privilege and/or the work product doctrine.

*Request No. 6*

13. Request No. 6 seeks, among other things, all documents relating to all accounts held by Ergo Law, Cheshire Ventures, Allcore Development, Finbrit Holdings, 2010 Irrevocable Trust, and Villanova Trust, and any accounts that received funds from any of those entities from Amazon or that were traceable to Amazon. While Request No. 6 is somewhat ambiguous, it appears to seek documents that are subject to the attorney-client privilege and/or the work product doctrine.

*No Client Consent*

14. As of the filing date of this motion, no client of Atherton has consented to Atherton revealing any information sought in the Subpoena.

15. Accordingly, the Subpoena should be quashed or modified to the extent that it seeks any materials subject to and protected by attorney-client privilege, including but not limited to the materials referenced in paragraphs 11-13 above.

WHEREFORE, Atherton respectfully request that the Court enter an Order partially quashing or modifying the Subpoena, and for such other and further relief as the Court deems appropriate.

Dated: January 13, 2022.

**JACKSON KELLY PLLC**

By: *John S. Zakhem*
John S. Zakhem, 30089
1099 18th Street, Suite 2150
Denver, CO 80202
(303) 390-0351