IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Miscellaneous Case No. 22-mc-00008-RM

RODNEY ATHERTON,

    Movant,

v.

AMAZON.COM, INC., and
AMAZON DATA SERVICES, INC.,

    Respondents.

___

**ORDER TRANSFERRING CASE**
___

    Before the Court is Respondents' Expedited Motion for Order Transferring Subpoena-Related Motion to Issuing Court (ECF No. 7), on which the Court order expedited briefing. Respondents seek an Order transferring this matter to the United States District Court for the Eastern District of Virginia pursuant to Fed. R. Civ. P. 45(f). For the reasons below, the Motion is granted.

    Movant is a Colorado attorney who represents or has represented defendants in a fraud and racketeering case brought in Virginia by Respondents. After Respondents served Movant with a subpoena, he initiated this case by filing a Motion to Quash (ECF No. 1). *See* Fed. R. Civ. P. 45(d)(3)(A). He contends, inter alia, that many of the documents demanded by Respondents are subject to attorney-client privilege, which his clients have not affirmatively waived. (*See* ECF No. 11 at 1.)

Under Rule 45(f), this Court has authority to transfer the Motion to Quash to the issuing court if Movant consents (he does not) "or if the court finds exceptional circumstances." Although the Federal Rules of Civil Procedure do not define "exceptional circumstances," courts contemplating transfer have considered the burdens on local nonparties subject to subpoenas, the potential disruption of the issuing court's management of the underlying litigation, and whether those interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.  *See, e.g.*, *Schell v. Amendia, Inc.*, No. 21-mc-00090-PAB-STV, 2021 WL 1541712, at *3 (D. Colo. Apr. 20, 2021); *Weddle v. Williams*, No. 18-mc-00225-RBJ-KLM, 2019 WL 1620815, at *3 (D. Colo. Apr. 15, 2019).  In addition, courts "must account for the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation."  *Schell*, 2021 WL 1541712, at *3 (quotation omitted).  Respondents bear the burden of showing that transfer is warranted.  *See id.*

Respondents contend that the arguments Movant raises in his Motion go to disputed issues at the heart of the underlying fraud and racketeering litigation, which has been ongoing for nearly two years, and that they are based on privileges that belong to the named defendants in the Virginia case and will be litigated there with respect to many of the same documents subject to the subpoena.  The Court agrees that the circumstances present the prospect of inefficient, duplicative litigation of overlapping and closely similar issues.  The Court also agrees that the issuing court is better situated to wade into the privilege issues Movant has raised, particularly given the extensive litigation that has happened there already.  At the time of this Order, the docket reflects nearly six hundred entries over the nearly two-year history of that case.  These factors weigh heavily in favor of transferring the matter.

In his Response, Movant emphasizes his interest, as a Colorado attorney subject to Colorado's rules and law regarding privileges, in having this Court assess the scope and applicability of Colorado's attorney-client and work product privileges. However, as Respondents note in their Reply, because the Virginia case is in federal court on federal-question grounds, federal common law governs the applicability of the attorney-client privilege. In any event, Movant does not make a compelling argument as to why the Virginia court could not apply Colorado Rules of Professional Conduct as needed.

Movant also emphasizes his personal interest in personally participating in any hearings on his Motion and avoiding the inconvenience associated with traveling, or sending counsel, to Virginia. However, these concerns inevitably arise when transfer is sought, and, as Respondents point out, the Virginia court has shown flexibility in holding hearings telephonically, mitigating some of the issues Movant raises.

Given the strong reasons supporting transfer and the less-than-compelling reasons for denying transfer, the Court finds Respondents have met their burden of showing exceptional circumstances. Therefore, the Court GRANTS Respondents' Motion (ECF No. 7), and the Clerk is directed to TRANSFER this case to the United States District Court for the Eastern District of Virginia.

DATED this 31st day of March, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge